**DENNIS PRODUCE, INC., a California corporation; et al., Plaintiffs— Appellants,**

v.

**HARTFORD, an unknown entity, Defendant,**

and

**Hartford Casualty Insurance Company; et al., Defendants—Appellees.**

No. 06–55276.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 9, 2007.

Filed Dec. 26, 2007.

Lee G. Werner, Esq., Carroll & Werner, Orange, CA, for Plaintiffs–Appellants.

Stephen Michael Hayes, Esq., Hayes Davis Ellingson McLay & Scott, Redwood Shores, CA, for Defendants–Appellees.

Before: WARDLAW, BEA, and N.R. SMITH, Circuit Judges.

## MEMORANDUM *

Dennis Produce, Inc. ("Dennis Produce") appeals the district court's order granting Hartford Casualty Insurance Company ("Hartford") summary judgment as to Dennis Produce's claims for breach of contract and breach of the implied covenant of good faith and fair dealing. In granting Hartford's motion for summary judgment, the district court held Hartford did not have a duty under its insurance contract to defend Dennis Produce in the underlying action brought by Bryan Distributing, Inc. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]

In the underlying complaint, Bryan Distributing alleged Dennis Produce wrongfully convinced Jorge Stamatopulos Rodriguez ("Rodriguez") to sell his 1999/2000 crop of produce to Dennis Produce instead of to Bryan Distributing, in violation of a longstanding oral agreement between Bryan Distributing and Rodriguez. Bryan Distributing further alleged that after Dennis Produce received "Bryan tomatoes" from Rodriguez, it mislabeled the boxes containing these tomatoes to avoid detection. The complaint alleged four common law causes of action against Dennis Produce: (1) intentional interference with contract; (2) intentional interference with prospective economic advantage; (3) negligent interference with prospective economic advantage; and (4) conversion.

Dennis Produce tendered the defense of the underlying action to Hartford, its insurer. After Hartford refused to provide a defense, Dennis Produce filed the instant complaint in Los Angeles Superior Court on February 10, 2004. Hartford removed this action to federal district court on March 18, 2004. The district court then granted Hartford's motion for summary judgment as to all claims.

In this diversity action, the court must apply the substantive law of California. *Aetna Cas. and Sur. Co., Inc. v. Centennial Ins. Co.*, 838 F.2d 346, 350 (9th Cir. 1988). Under California law, an insurance carrier must defend its insured in any action "which potentially seeks damages within the coverage of the policy." *Montrose Chem. Corp. v. Superior Court*, 6 Cal.4th 287, 24 Cal.Rptr.2d 467, 861 P.2d 1153, 1157 (1993) (emphasis and internal quotation marks omitted).

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because the facts are known to the parties, we revisit them only as necessary.

## I. Property Damage Provision

■ Under the insurance policy issued by Hartford to Dennis Produce, property damage is covered only if it is caused by an "occurrence." The policy defines "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." The underlying complaint, and additional facts known to Hartford, however, failed to identify any conduct by Dennis Produce that could be deemed an accident under California law.

"An accident ... is never present when the insured performs a deliberate act unless some additional, unexpected, independent, and unforeseen happening occurs that produces the damage.... [W]here the insured intended all of the acts that resulted in the victim's injury, the event may not be deemed an 'accident' merely because the insured did not intend to cause injury." *Collin v. American Empire Ins. Co.*, 21 Cal.App.4th 787, 811, 26 Cal. Rptr.2d 391 (1994) (internal quotation marks omitted).

Dennis Produce contends the actions alleged in Bryan Distributing's underlying complaint could have constituted an "accident," because Dennis Produce may have negligently been unaware of the contractual relationship between Rodriguez and Bryan Distributing when it began purchasing produce from Rodriguez. Whether Dennis Produce knew of Bryan Distributing's contract with Rodriguez, however, is irrelevant. So long as Dennis Produce intended the *acts* that resulted in Bryan Distributing's injury, these acts cannot be deemed an accident. "A volitional act does not become an accident simply because the insured's negligence prompted the act." *Collin*, 21 Cal.App.4th at 813, 26 Cal. Rptr.2d 391 (internal quotation marks omitted).

Regardless whether Dennis Produce knew its actions were wrongful, the alleged act of convincing Rodriguez to sell its crop to Dennis Produce, and the subsequent act of purchasing the crop, were indisputably intentional. Bryan Distributing did not allege—nor does Dennis Produce claim on appeal—that Dennis Produce inadvertently convinced Rodriguez to sell Dennis Produce his tomatoes or that Dennis Produce mistakenly purchased produce from Rodriguez. Because Dennis Produce intended all the acts that resulted in Bryan Distributing's alleged injury, no accident occurred. Thus, coverage was not triggered under the policy's "property damage" provision.

■ Moreover, Bryan Distributing's complaint in the underlying action failed to allege "property damage" covered by Dennis Produce's insurance policy. The "property damage" provision covered only damages from physical injury to tangible property and damages resulting from the "[l]oss of use of tangible property that is not physically injured." Bryan Distributing did not allege any damages qualifying as "property damage" under the policy. *See Giddings v. Industrial Indemnity Co.*, 112 Cal.App.3d 213, 218–19, 169 Cal.Rptr. 278 (1980) (holding purely economic losses such as lost profits do not constitute property damage); *Collin*, 21 Cal.App.4th at 818, 26 Cal.Rptr.2d 391 (holding conversion of property does not give rise to damages from "loss of use" of property where, as here, the plaintiff seeks to recover the value of the property itself: " 'Loss of use' of property is different from 'loss' of property.").

## II. Personal Injury Provision: Mislabeled Boxes

■ The insurance policy's "personal injury" provision covers, in relevant part, injury arising out of the "[o]ral or written publication of material that slanders or libels a person or organization or dispar-

ages a person's or organization's goods, products or services[.]" Bryan Distributing alleged Dennis Produce mislabeled boxes containing "Bryan tomatoes" to avoid detection; *i.e.,* Dennis Produce attempted to "palm off" Bryan Distributing tomatoes as its own. Dennis Produce contends this allegation constituted a claim that Dennis Produce disparaged Bryan Distributing's goods. Under California law, however, allegations that an insured "palmed off" a competitor's products as its own do not trigger coverage—or the duty to defend—under policy provisions covering damages arising from the disparagement of another's products. *See Aetna,* 838 F.2d at 351.

### III. Personal Injury Provision: Wrongfully Convincing Rodriguez

■ Dennis Produce speculates that because the underlying complaint alleged Dennis Produce "wrongfully convinced" Rodriguez to breach its contract with Bryan Distributing, it is "plausible" Dennis Produce defamed and disparaged Bryan Distributing in doing so, triggering coverage under the policy's "personal injury" provision. However, "[a]n insured may not trigger the duty to defend by speculating about extraneous 'facts' regarding potential liability or ways in which the third party claimant might amend its complaint at some future date." *Gunderson v. Fire Ins. Exchange,* 37 Cal.App.4th 1106, 1114, 44 Cal.Rptr.2d 272 (1995). Because this claim is factually unsupported and based on pure speculation, Hartford did not have a duty to defend on this basis.

### IV. Breach of the Implied Covenant of Good Faith and Fair Dealing and Punitive Damages

Hartford did not breach the insurance contract; thus, there can be no breach of the implied covenant of good faith and fair dealing. *Waller v. Truck Ins. Exchange, Inc.,* 11 Cal.4th 1, 35–36, 44 Cal.Rptr.2d

370, 900 P.2d 619 (1995). Without a breach of the implied covenant of good faith and fair dealing, there can be no award of punitive damages. *See Mock v. Michigan Millers Mut. Ins. Co.,* 4 Cal. App.4th 306, 328, 5 Cal.Rptr.2d 594 (1992).

**AFFIRMED.**